THOMAS L. KERNEY, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF SARAH M. KERNEY, PLAINTIFF-APPELLANT, v. ALBERT B. KAHN, BASIL OUTERBRIDGE, JAMES P. STEWART, AND THE JAMES KERNEY FOUNDATION, A NON-PROFIT CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS, AND ARTHUR J. SILLS, ATTORNEY GENERAL OF NEW JERSEY, INTERVENOR.

Argued March 7, 1966—Decided April 4, 1966.

*Mr. Mark F. Hughes, Jr.,* argued the cause for plaintiff-appellant (*Messrs. Crummy, Gibbons & O'Neill,* attorneys; *Mr. Hughes,* of counsel).

*Mr. Albert B. Kahn* argued the cause for defendants-respondents (*Messrs. Kahn, Schildkraut & Levy,* attorneys; *Mr. Kahn* and *Mr. Richard M. Glazer,* on the brief).

*Mr. Joseph A. Hoffman,* Assistant Attorney General, argued the cause for intervenor (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney; *Mr. William J. Walsh,* Deputy Attorney General, of counsel and on the brief; *Mr. Hoffman,* of counsel).

PER CURIAM. This is an appeal from an order striking plaintiff's complaint for failure to state a claim upon which relief could be granted. We certified the appeal prior to argument in the Appellate Division.

Plaintiff's basic contention is that the James Kerney Foundation (incorporated not for pecuniary profit under *N. J. S. A.* 15:1–1 *et seq.*), was organized by its founders to benefit Roman Catholic charities exclusively and that the Foundation trustees, the individual defendants, in not exclusively limiting the grants to such charities violated their duties.

The purposes and objects provisions of the Foundation certificate of incorporation state:

"1. To memorialize and honor the memory of the late James Kerney, distinguished editor, jurist, diplomat, statesman, philanthropist and author, by assisting worthy charities and welfare organizations, and

2. To make contributions, loans, gifts and render financial or other assistance to organizations and associations, hospitals and institutions engaged in charitable and eleemosynary or social welfare work of the City of Trenton, New Jersey and vicinity."

We cannot find any such limitation in this clear language. There is no ambiguity whatever. The limitation which plaintiff seeks to apply cannot be established by parol evidence of the private intent of a contributing incorporator. Nor can a contributor, upon a claim that he so intended, seek to undo the contract of incorporation and to recover what he put in.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.